IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR H. WYATT,

    Petitioner,                   No. CIV S-09-2122 DAD P

    vs.

MICHAEL McDONALD,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        On August 26, 2009, petitioner filed a motion for a stay and abeyance. In his motion petitioner does not describe the unexhausted claims that he wishes to exhaust in state court. Rather, he merely asserts, "Petitioner wishes to raise 'new issues' of a constitutional magnitude not raised on appeal by appellate attorney." (Mot. at 1.)

        The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines v. Weber, 544 U.S. 269, 277 (2005). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited

1

circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

Petitioner's motion for stay and abeyance pending before the court is vague and conclusory. The court is unable to determine whether petitioner had good cause for failing to exhaust all claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious, and whether petitioner has acted with the required diligence. See Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987 nn. 8 & 11 (9th Cir. 1998) (failure to make a showing of diligence in pursuing additional claims may foreclose the granting of a stay). For these reasons, petitioner's motion will be denied without prejudice to the filing of a new motion for a stay and abeyance.

Should petitioner decide to file a new motion for a stay and abeyance, he should consider filing an amended habeas petition that contains all of his claims, both exhausted and unexhausted claims. Under Rhines, a petitioner may file a "mixed petition" so that unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King v. Ryan, 564 F.2d 1133, 1140 (9th Cir. 2009); Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). By filing a mixed amended petition, petitioner may avoid potential statute of limitations problems. See King 564 F.3d at 1141-42 (noting that if a petitioner attempts to amend his habeas petition after his unexhausted claims are exhausted, timeliness will often be problematic because if the statute of limitations period has expired, the newly exhausted claims will be untimely unless they share a common core of operative facts which would enable the new claims to relate back to the claims

which were properly contained in the original petition).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's August 26, 2009 motion for a stay and abeyance (Doc. No. 5), is denied without prejudice;

2. Within thirty days from the service of this order, petitioner may file a new motion for a stay and abeyance and an amended habeas petition containing all of his claims.[1] The motion for stay and abeyance must (a) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (b) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (c) describe the status of state court proceedings on the unexhausted claims, and (d) demonstrate that petitioner has acted with diligence in pursuing his additional claims;

3. If petitioner decides not to file a motion for stay and abeyance, petitioner shall file a declaration informing the court that he wishes to proceed with his current habeas petition, filed on July 31, 2009, containing one exhausted claim. Petitioner's declaration shall be filed within thirty days from the service of this order; and

4. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus by a state prisoner.

DATED: March 15, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wyatt2122.msty

---

[1] An amended habeas petition must comply with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner shall use the form petition provided by the Clerk of the Court.

3