1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    VICTOR H. WYATT,

11              Petitioner,              No. CIV S-09-2122 FCD DAD P

12         vs.

13    MICHAEL McDONALD,

14              Respondent.          FINDINGS & RECOMMENDATIONS

15    _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction entered

18    against him on February 13, 2007, in the Butte County Superior Court on a charge of petty theft.

19    He seeks federal habeas relief on the grounds that his right to due process was violated by jury

20    instruction error.  Upon careful consideration of the record and the applicable law, the

21    undersigned will recommend that petitioner's application for habeas corpus relief be denied.

22                    PROCEDURAL AND FACTUAL BACKGROUND

23              In its unpublished memorandum and opinion affirming petitioner's judgment of

24    conviction on appeal[1], the California Court of Appeal for the Third Appellate District provided

25    _____

26         [1] Answer, Ex. A (hereinafter Opinion), at 2-3.

1

the following summary:

> Wal-Mart employees observed defendant enter the store's electronics department, pick up two ink cartridges, conceal them in his jacket and carry them into the men's restroom. When he came out of the restroom, he was no longer carrying the cartridge boxes. Defendant then returned to the electronics department, secreted a computer flash drive in the sleeve of his jacket and returned to the restroom. He then left the store without paying for the items. Store employees found empty ink cartridge packaging in the restroom.

> Defendant was charged with petty theft with priors (§ 666). The information alleged a prior conviction of a serious or violent felony (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i)) and two prior prison terms (§ 667.5, subd. (b)).

> On the first day of trial, outside the presence of the jury, defendant admitted two prior convictions (one for a violation of section 211 and one for a violation of Health and Safety Code section 11352) for which he served separate prison terms. The parties stipulated that, for purposes of trial, the charge submitted to the jury would be petty theft (§ 484); however, based on defendant's admissions, a guilty verdict on that charge would result in a finding that defendant was guilty of petty theft with priors (§ 666).

> The jury returned a guilty verdict on the single count of petty theft. Based on defendant's previous admission of the theft-related priors, the court found defendant guilty of violating section 666.

> The court denied defendant's Romero[2] motion and sentenced him to the middle term of two years, doubled because of the strike, plus one year for each of the two prior prison terms, for an aggregate sentence of six years.[3]

> Defendant filed a timely notice of appeal.

## ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860,

---

[2] People v. Superior Court (Romero) (1996) 13 Cal.4th 497.

[3] Defendant was also sentenced to a concurrent term of 180 days in jail in an unrelated matter (case No. SCR46019).

861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

(1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d

1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362

(2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).  If the state court's decision

does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review

of a habeas petitioner's claims.  Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008).  See

also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we

may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error,

we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state

court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  See also Barker v.

3

1   <u>Fleming</u>, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated

2   a claim, we analyze the last reasoned decision").  If the last reasoned state court decision adopts

3   or substantially incorporates the reasoning from a previous state court decision, this court may

4   consider both decisions to ascertain the reasoning of the last decision.  <u>Edwards v. Lamarque</u>,

5   475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  Where the state court reaches a decision on the

6   merits but provides no reasoning to support its conclusion, a federal habeas court independently

7   reviews the record to determine whether habeas corpus relief is available under § 2254(d).

8   <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003); <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167

9   (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's

10  claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not

11  apply and a federal habeas court must review the claim de novo.  <u>Nulph v. Cook</u>, 333 F.3d 1052,

12  1056 (9th Cir. 2003).

13  II.  <u>Petitioner's Claim</u>

14          Petitioner's sole claim of entitlement to federal habeas relief is based on his

15  contention that the giving of CALCRIM No. 220 at his trial violated his right to due process.  He

16  argues that in giving CALCRIM No. 220 the trial court "erroneously instructed the jury on the

17  requisite burden of proof and presumption of innocence." (Pet. at 8.[4])  He contends that the

18  challenged instruction "improperly requires the defendant to persuade the trier of fact of his

19  innocence by evidence presented at trial, and eliminates the doctrine of reasonable doubt due to

20  lack of evidence." (<u>Id.</u>)  The California Court of Appeal rejected this argument, reasoning as

21  follows:

22          Defendant contends the reasonable doubt instruction embodied in
        Judicial Council of California Criminal Jury Instructions
23          CALCRIM No. 220, negates the presumption of innocence and
        impermissibly dilutes the prosecution's burden of proof.
24  /////

25  _____

26      [4]  Page number citations such as these are to the page number reflected on the court's
CM/ECF system and not to page numbers assigned by the parties.

CALCRIM No. 220 provides, in pertinent part, as follows: "A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove each element of a crime beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt . . . .

"Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt.

"In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant[s] guilty beyond a reasonable doubt, (he/she/they) (is/are) entitled to an acquittal and you must find (him/her/them) not guilty."

Defendant contends that requiring the jury to "impartially compare and consider all the evidence" undermined the presumption of innocence and supplanted it with a lesser standard of impartiality. Defendant urges the phrase "impartially compare" implies a weighing of two opposed sets of evidence, thus imparting to the jury "the incorrect idea of comparing two sets of evidence" such that the prosecution would meet its burden if defendant failed to produce enough evidence on his side of the scale to outweigh the evidence against him. (*Coffin v. United States* (1895) 156 U.S. 432, 453 [39 L. Ed. 481].) Defendant also objects to inclusion of language requiring an "abiding conviction" without any additional reference to the gravity or weight of proof required.

A similar argument applied to the analogous CALJIC No. 2.90 was rejected by the United States Supreme Court in *Victor v. Nebraska* (1994) 511 U.S. 1, 16 [127 L.Ed.2d 583] (*Victor*). Where CALCRIM No. 220 uses the verbs "compare and consider all the evidence," CALJIC No. 2.90 uses the nouns requiring "the entire comparison and consideration of all the evidence" by the jury. When read in the context of the entire instruction, the Supreme Court concluded in *Victor* that the sanctity of the presumption of innocence and the prosecutor's elevated burden of proving guilt beyond a reasonable doubt remained intact. (*Victor, supra*, 511 U.S. at p. 16 [127 L. Ed.2d 583].)

That reasoning was followed by the Court of Appeal, Fifth Appellate District, in *People v. Hernandez Rios* (2007) 151 Cal. App.4th 1154 at page 1157 (*Hernandez Rios*). Noting that the language of CALJIC No. 2.90 which refers to the "comparison and consideration of all the evidence" was approved by the United States Supreme Court in *Victor*, the *Hernandez Rios* court concluded that, like CALJIC No. 2.90, the challenged language of

5

CALCRIM No. 220 serves to inform the jury that its decision must be based on the evidence, and rejected defendant's claim that the instruction shifted the burden of proof.  (*Hernandez Rios, supra*, 151 Cal. App.4th at p. 1157.)

This court also recently followed *Victor*, rejecting the argument that, without "the concept of lack of evidence" included in the basic definition of reasonable doubt, CALCRIM No. 220 violates defendant's right to due process.  (*People v. Guerrero* (2007) 155 Cal. App.4th 1264, 1267 (*Guerrero*).)  Based on the holding in *Victor* that "[a]n instruction cast in terms of an abiding conviction as to guilt, . . . correctly states the government's burden of proof" (*Victor, supra*, 511 U.S. at pp. 14-15 [127 L. Ed.2d at p. 596] ), we concluded that CALCRIM No. 220 "neither lowers the prosecution's standard of proof nor raises the amount of doubt the jury must have in order to acquit," and thus properly "instructs the jury to acquit in the absence of evidence."  (*Guerrero, supra*, 155 Cal. App.4th at pp. 1268-1269.)

The facts of this case do not compel us to diverge from our previous holding or that of our country's highest court in *Victor*. Nothing in CALCRIM No. 220 suggests that the defense must present evidence or otherwise bears any burden of proof.  We also consider the entire scope of instructions given during the trial in reviewing a challenge to a particular instruction.  (*People v. Castillo* (1997) 16 Cal.4th 1009, 1016 [appellate court considers the entire charge, not parts of an instruction or a particular instruction].)  Here, the court instructed the jury with CALCRIM No. 100 (defendant is presumed innocent, does not have to prove he is not guilty, and may, but is not required to, present evidence), CALCRIM No. 103 (defendant is presumed innocent, the People have the burden of proving every element of the crime beyond a reasonable doubt and reasonable doubt is "proof that leaves you with an abiding conviction that the charge is true") and CALCRIM No. 355 (defendant may rely on the evidence, without testifying, and argue the People have failed to prove the charges beyond a reasonable doubt).  We also note that, between counsel for the People and counsel for defendant, the beyond a reasonable doubt standard was referred to in closing argument no less than four times.

The issue before us is "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution."  (*Estelle v. McGuire* (1991) 502 U.S. 62, 72 [116 L. Ed.2d 385], *People v. Wade* (1995) 39 Cal. App.4th 1487, 1493 [appellate court must consider whether a "reasonable juror would apply the instruction in the manner suggested by defendant"].)  We conclude it did not.  CALCRIM No. 220 accurately states the law.  That, coupled with the fact that both counsel repeatedly explained the appropriate burden of proof and the court adequately instructed the jury as to that burden, we

6

> conclude it is not reasonably likely the jury misapplied the instruction in CALCRIM No. 220.  We reject defendant's claim that the instruction negates the presumption of innocence and lessens the burden of proof.

(Opinion at 3-8.)

Petitioner has failed to demonstrate that the decision of the California Court of Appeal rejecting his challenge to CALCRIM No. 220 was contrary to or an unreasonable application of clearly established federal law.  In rejecting petitioner's argument in this regard, the state appellate court analogized to the jury instruction at issue in <u>Victor v. Nebraska</u>, 511 U.S. 1 (1994), which survived a due process challenge similar to the one advanced by petitioner in this case.[5]  The state court's analysis of the decision in <u>Victor</u>, and its application to the instant case, was certainly reasonable.  Moreover, in state criminal trials, the Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  <u>In re Winship</u>, 397 U.S. 358, 364 (1970).  "[T]he Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof.  Rather, 'taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.'"  <u>Victor</u>, 511 U.S. at 5  (quoting <u>Holland v. United States</u>, 348 U.S. 121, 140 (1954) (internal citation omitted)).  In evaluating the constitutionality of a jury charge such as this one, a court must determine "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the <u>Winship</u> standard."

---

[5]  The jury instruction at issue in <u>Victor</u> was the pre-1994 version of CALJIC No. 2.90, which stated in relevant part:

> Reasonable doubt is defined as follows:  It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt.  It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge.  (Emphasis added).

7

1  Victor, 511 U.S. at 6.  See also Ramirez v. Hatcher, 136 F.3d 1209, 1211 (9th Cir. 1998).

2        Here, petitioner has failed to demonstrate a reasonable likelihood that the jury in

3  his case understood the instructions given at his trial either to suggest a standard of proof lower

4  than due process requires or to allow conviction on factors other than the prosecution's proof.

5  Reviewing the instructions in their entirety, this court finds no reasonable likelihood that the jury

6  misunderstood the government's burden of proving petitioner's guilt beyond a reasonable doubt.

7  As noted by the state appellate court, petitioner's jury was instructed that "a defendant in a

8  criminal case is presumed to be innocent" (Reporter's Transcript on Appeal at 197), that the

9  prosecution had the burden of proving every element of the crime beyond a reasonable doubt (id.

10  at 197-98, 205), that reasonable doubt is "proof that leaves you with an abiding conviction that

11  the charge is true" (id. at 197), and that a defendant "may rely on the state of the evidence and

12  argue that the People have failed to prove the charges beyond a reasonable doubt."  Id. at 206.

13  These instructions, along with CALCRIM No. 220, adequately informed the jury of the

14  prosecution's burden to prove the case against petitioner beyond a reasonable doubt based on an

15  analysis of the totality of the evidence introduced at trial.  The instructions given at petitioner's

16  trial therefore correctly conveyed the concept of reasonable doubt to the jury, did not lower the

17  prosecutor's burden of proof, and did not instruct the jury that petitioner had any burden to

18  present evidence.  Victor, 511 U.S. at 6; Lisenbee v. Henry, 166 F.3d 997, 1000 (9th Cir.1999);

19  Ramirez, 136 F.3d at 1214.

20        Finally, the court notes that several district courts, including this one, have

21  rejected similar challenges to CALCRIM No. 220.  See Smith v. Horel, No. CV 08-8424-PSG

22  (RC), 2010 WL 4536804, at *11-12 (C.D. Cal. Sept. 20, 2010); Buckner v. McDonald, No. CIV

23  S-08-2279 JAM DAD P, 2010 WL 2843426, at *7 (E.D. Cal. July 19, 2010); Chavez v.

24  Hedgpeth, No. 1:09-cv-01624-OWW-SMS(HC), 2010 WL 915305, at *9-10 (E.D. Cal. Mar. 11,

25  2010); Perez v. California, No. 1:08-CV-01701 JMD HC, 2010 WL 729466,  at *6 (E.D. Cal.

26  Mar. 2, 2010); Westbrooks v. Director of California Department of Corrections, No. 09cv136-

JLS (POR), 2010 WL 1573832, at *6 (S.D. Cal. Jan 29, 2010); <u>Martinez v. McDonald</u>, No. 1:09-cv-00845-OWW-SMS(HC), 2010 WL 144863, at *2-3 (E.D. Cal. Jan. 11, 2010); <u>Campbell v. Haws</u>, No. CV 09-632-CJC(E), 2009 WL 2241805, at *4 (C.D. Cal. July 23, 2009) (same).

CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: January 24, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
wyatt2122.hc

9