IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR H. WYATT,

    Petitioner,                    No. CIV S-09-2122 FCD DAD P

    vs.

MICHAEL McDONALD,

    Respondent.                <u>ORDER</u>

_____/

        On July 31, 2009, petitioner, proceeding without counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising one claim of jury instruction error. Respondent filed an answer on September 1, 2010. On January 25, 2011, this court issued findings and recommendations recommending that the habeas petition be denied. On February 15, 2011, petitioner, now proceeding through counsel, filed objections to the January 25, 2011 findings and recommendations.[1] In those objections, counsel for petitioner does not address the substance of the findings and recommendations but explains that she now wishes to pursue additional habeas claims on petitioner's behalf. Along with those objections, counsel for

---

[1] No substitution of counsel of counsel was filed. Rather, on September 23, 2010, counsel for petitioner filed a Notice of Filing/Lodging of Document in Paper which was counsel's first appearance in this case.

1

petitioner filed an "amended petition for writ of habeas corpus." (Doc. No. 30.) Therein, petitioner raises five claims of ineffective assistance of trial counsel, one claim of ineffective assistance of appellate counsel, one claim of racial discrimination in the "jury selection process" in Butte County, one claim of "unreasonable search and seizure," and one claim of "prosecutorial and police misconduct." (Id.)

Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a).[2] Although an answer has been filed in this matter, petitioner has filed neither a motion to amend nor a stipulation to file an amended habeas corpus petition. Petitioner's amended petition will therefore be stricken, and this action will proceed on the petition filed on July 31, 2009.[3]

Accordingly, IT IS ORDERED that the amended petition filed on February 15, 2011 (doc. # 30) is stricken.

DATED: February 28, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
wyatt2122.o

---

[2] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the habeas] rules, may be applied to a proceeding under these rules." See also Fed.R.Civ.P. 81(a)(4)(providing that the Rules of Civil Procedure apply in habeas cases to the extent that those rules do not conflict with the habeas rules or other statutory provisions).

[3] If petitioner wishes to file a motion to file an amended petition for writ of habeas corpus, he shall do so within thirty days from the date of this order. Any such motion should address whether the claim(s) contained in the proposed amended petition are properly exhausted and timely filed. See 28 U.S.C. §§ 2244(d), 2254(b).