IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR H. WYATT,

    Petitioner,                    No. CIV S-09-2122 FCD DAD P

    vs.

MICHAEL McDONALD,

    Respondent.                <u>ORDER</u>

         On July 31, 2009, petitioner, proceeding without counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising one claim of jury instruction error at his trial in state court. Respondent filed an answer to that petition on September 1, 2010. On January 25, 2011, this court issued findings and recommendations recommending that habeas relief be denied. On February 15, 2011, objections to the court's January 25, 2011 findings and recommendations were filed by attorney Ellen Dove, who purported to be petitioner's counsel of record. However, no substitution of counsel had been filed in this action and counsel did not otherwise appear in this action in compliance with Local Rule 182.[1] In those objections, Ms.

---

[1] Local Rule 182 sets forth the requirements for making an appearance as an attorney of record in a case filed in this court and states that "no attorney may participate in any action unless the attorney has appeared as an attorney of record."

1

1   Dove did not address the substance of the court's findings and recommendations but explained
2   that petitioner now wished to pursue additional habeas claims.  Along with the objections, Ms.
3   Dove filed on behalf of petitioner an "amended petition for writ of habeas corpus." (Doc. No.
4   30.)  The amended petition  raises five claims of ineffective assistance of trial counsel, a claim of
5   ineffective assistance of appellate counsel, a claim of racial discrimination in the "jury selection
6   process" in the underlying Butte County Superior Court criminal proceeding, a claim of
7   "unreasonable search and seizure," and a claim of "prosecutorial and police misconduct." (Id.)

8            By order dated March 1, 2011, the amended petition was stricken because it did
9   not comply with the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 15(a).  The court
10  noted that no substitution of counsel had been filed with this court substituting Ellen Dove as
11  petitioner's counsel of record in this action.  Petitioner was advised that if he wished to file a
12  motion to amend his petition for writ of habeas corpus, he should do so within thirty days.
13  Petitioner was further advised that any such motion should address whether the claims contained
14  in any proposed amended petition were properly exhausted and timely filed.

15           On March 13, 2011, attorney Ellen Dove filed with the court a document entitled
16  "Report of Status of Counsel."  Therein, she explains that she has been assisting petitioner with
17  "an unrelated civil matter," but implies that she is not counsel for petitioner in the instant case.
18  Rather, she states that "it would be helpful if the Court were to appoint counsel to assist Mr.
19  Wyatt in these habeas corpus matters."

20           On March 29, 2010, petitioner filed a motion to amend the petition, setting the
21  motion on this court's calendar for April 22, 2011.  Although Ellen Dove has never properly
22  appeared as petitioner's counsel of record in this action, her name once again appears on the
23  upper left hand corner of the motion filed March 29, 2010 as "attorney for petitioner."  Because
24  Ellen Dove has not complied with Local Rule 182 and is therefore not the attorney of record for
25  petitioner, the motion to amend filed under her signature will be stricken and the motion will not
26  be placed on the court's calendar for hearing.

Petitioner may file a motion to amend his petition within thirty days from the date of the order.[2]  If petitioner wishes to proceed with Ellen Dove as his attorney, a substitution of counsel in compliance with the Local Rules of this court must be filed.  If a substitution of counsel is not filed, any further documents filed on petitioner's behalf by Ellen Dove will be stricken from the record.

For the reasons set forth above, IT IS ORDERED that:

1. The March 29, 2011 motion to amend (doc. # 33) is stricken.

2. Petitioner is granted 30 days from the date of this order to file a motion to amend his habeas petition; and

3. The Clerk of Court shall serve a copy of this order on petitioner at his address of record, and on Ellen Dove at 5325 Elkhorn Blvd., Suite 160, Sacramento, California, 95842.

DATED: April 20, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
wyatt2122.2o

---

[2] Petitioner is advised that, after reviewing the motion to amend and respondent's opposition thereto, it appears that the claims petitioner wishes to add are untimely and do not relate back to the claims contained in the original petition.  Accordingly, a motion to amend to add these claims would in all likelihood be denied.

3