1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTOR H. WYATT,

11            Petitioner,                  No. CIV S-09-2122 KJM DAD P

12      vs.

13   MICHAEL McDONALD,

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding through counsel with a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner's motion to amend his habeas petition

18   came on regularly for hearing on November 18, 2011.  Counsel for petitioner did not appear at

19   the hearing.[1]  Deputy Attorney General Jeffrey Grant appeared for respondent.  At that time

20   petitioner's motion to amend was submitted for decision without argument.  Upon review of the

21   motion and the documents in support and opposition thereto, and for the following reasons, the

22   court recommends that petitioner's motion to amend be denied.

23   /////

24   _____

25        [1] Petitioner's counsel failed to appear at the hearing despite the fact that she had filed an
     amended notice, specifically setting the motion for hearing before the undersigned on the date and
     time in question.  In light of the amended notice, the court trailed the matter on its calendar,
26   believing that counsel might merely be delayed.  However, petitioner's counsel failed to appear.

                                           1

**I. Background**

On July 31, 2009, petitioner, proceeding without counsel at that time, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court.  (Doc. No. 1.) That petition raised one jury instruction claim: that the giving of CALJIC No. 220 at petitioner's trial violated his right to due process because that instruction erroneously instructed the jury with respect to the burden of proof and the presumption of innocence.  (Id.)  Respondent filed an answer on September 1, 2010.  (Doc. No. 24.)  On January 25, 2011, this court issued findings and recommendations recommending that the habeas petition be denied.  (Doc. No. 28.)  Those findings and recommendations are still pending before the assigned District Judge.

On February 15, 2011, counsel filed objections to the January 25, 2011 findings and recommendations on behalf of petitioner.[2]  (Doc. No. 29.)  The objections did not address the substance of those findings and recommendations but instead explained that petitioner wished to pursue additional habeas claims.  Along with the objections, petitioner filed an "amended petition for writ of habeas corpus."  (Doc. No. 30.)  The amended petition  raises five claims of ineffective assistance of trial counsel, one claim of ineffective assistance of appellate counsel, one claim of racial discrimination in the "jury selection process" in the trial proceedings before the Butte County Superior Court, one claim of "unreasonable search and seizure," and one claim of "prosecutorial and police misconduct."  (Id.)

By order dated March 1, 2011, the amended petition was stricken because it did not comply with the Federal Rules of Civil Procedure.  (Doc. No. 31.)  Petitioner was advised that if he wished to file a motion to amend his petition for writ of habeas corpus, he should do so within thirty days.  Petitioner was further advised that any such motion should address whether the claims contained in the proposed amended petition were properly exhausted and timely filed. On September 13, 2011, petitioner filed the motion to amend which is currently before the court.

---

[2]  Counsel was not properly substituted in as petitioner's counsel of record, however, until June 24, 2011.  See Doc. No. 42; see also Doc. Nos. 31, 35 & 38.

1   (Doc. No. 45.)  Respondent filed an opposition to the motion to amend on October 4, 2011.

2   (Doc. No. 47.)

3   **II.  Motion to Amend**

4               On February 13, 2007, petitioner was convicted after a jury trial in the Butte

5   County Superior Court of petty theft from a Wal-Mart store, in violation of California Penal

6   Code § 484.  (Doc. No. 24-1, at 2.)  In his pending motion to amend, petitioner argues that he

7   was arrested at Wal-Mart for retaliatory reasons and that he "suffered multiple instances of

8   violation of his constitutional rights and was denied due process at all stages of the subject

9   prosecution." (Doc. No. 45 at 2.)  Petitioner informs this court that his motion "is based upon

10  Petitioner's factual innocence of the crime charged and a conviction arising primarily from the

11  incompetence and ineffectiveness of counsel and prosecutorial misconduct all of which deprived

12  petitioner of due process and a fair trial." (Id. at 1.)  Petitioner further states that he was "the

13  victim of prosecutorial and police misconduct and unreasonable search and seizure." (Id.)  He

14  claims that "critical exculpatory evidence was removed and denied him when the officer making

15  the citizen's arrest for the Wal-Mart employee was permitted to maintain possession of the

16  subject ink cartridges the store employee claimed he was shoplifting and he claimed were empty

17  ones he brought into the store." (Id.)  The motion to amend incorporates by reference the

18  previously stricken amended habeas petition which, as noted, raises claims of ineffective

19  assistance of trial and appellate counsel, racial discrimination in the jury selection process in the

20  Butte County Superior Court, unreasonable search and seizure and prosecutorial and police

21  misconduct.

22              Petitioner argues that he exhausted his state remedies "in regard to all the claims

23  raised in the proposed amended petition in that an appeal was filed on his behalf and denied."

24  (Id.)  Despite this assertion, petitioner also acknowledges, however, that his state court appeal did

25  not raise the issues he now seeks to add to his federal habeas petition, but he contends that this

26  was because his previous counsel "failed to see or address them." (Id. at 3-4.)  Petitioner states

3

1  that he asked his trial counsel to challenge the jury selection process on the grounds of "racial

2  discrimination" but that his trial counsel failed to do so. (Id. at 3.)  According to petitioner, his

3  counsel also "ignored" petitioner's input with regard to possible appellate issues, and "did not act

4  upon his suggestions/requests." (Id.)  Petitioner also argues that, because his claims of

5  ineffective assistance of counsel were not raised on appeal, they are waived and "thus, there

6  remains no other remedy to redress those wrongs." (Id. at 4.)  Petitioner states in conclusory

7  fashion and without elaboration, that the factual predicate for his proposed new claims "could not

8  have been discovered previously through the exercise of due diligence," and that the facts

9  underlying his claims "when proven and viewed in the light of the evidence as a whole, would be

10 sufficient to establish by clear and convincing evidence, but for the constitutional errors, no

11 reasonable fact finder would have found [petitioner] guilty of shoplifting those ink cartridges."

12 (Id.)

13        Petitioner explains that he was unaware of his new claims because he didn't have

14 counsel, but that once he obtained counsel "in mid 2010" those new claims were discovered and

15 submitted to this court within the one-year statute of limitations period. (Id.)  Petitioner also

16 argues that the statute of limitations was tolled during the time he was pursuing habeas petitions

17 in state court. (Id.)  In the end, petitioner changes course, stating that his "factual innocence

18 remains the most important aspect of this motion." (Id.)

19        In the opposition to the motion to amend, respondent contends that petitioner's

20 motion "is futile because the claims he seeks to add are untimely, do not relate back to the

21 original habeas petition, and are unexhausted." (Doc. No. 47 at 5.)  Respondent also argues that

22 petitioner has failed to demonstrate that he falls within any "actual innocence" exception to the

23 AEDPA statute of limitations. (Id. at 9-10.)

24 /////

25 /////

26 /////

4

1   **III.  Discussion**

2       **A.  Applicable Legal Standards**

3           Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his

4   pleadings once as a matter of course before a responsive pleading is served and may seek leave of

5   court to amend his pleading at any time during the proceeding.  Mayle v. Felix, 545 U.S. 644,

6   654 (2005); see also In re Morris, 363 F.3d 891, 893 (9th Cir. 2004) (Rule 15(a) applies to

7   habeas actions with the same force that it applies to other civil cases).  Although leave of court

8   should be given freely, a court may deny a motion to amend if the motion is made in bad faith,

9   there would be prejudice to the opposing party, the amendment would be futile or would delay

10   the action, or if the party acted in a dilatory fashion in seeking to amend.  Foman v. Davis, 371

11   U.S. 178, 182 (1962); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (applying these

12   factors with respect to a motion to amend in a habeas case); Bonin v. Calderon, 59 F.3d 815, 845

13   (9th Cir. 1995) (same).  Prejudice to the opposing party is the most important factor in assessing

14   a motion to amend.  Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990).

15           Bad faith may be shown when a party seeks to amend late in the litigation process

16   with claims which were, or should have been, apparent early.  Bonin, 59 F.3d at 846.[3]  A motion

17   to amend a pleading is addressed to the sound discretion of the court and must be decided upon

18   the facts and circumstances of each particular case.  Sackett v. Beaman, 399 F.2d 884, 889 (9th

19   Cir. 1968).

20       **B.  Timeliness**

21           Respondent argues that the claims petitioner seeks to add in his proposed

22   amended habeas petition are untimely and, therefore, amendment of the petition to add these

23   claims would be futile.  (Doc. No. 47 at 5-9.)  The court will address this argument below.

24   /////

25   

26        [3]   These facts might also support a finding that the moving party acted in a dilatory fashion when seeking leave to amend.  Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999).

1    As described above, petitioner challenges a judgment of conviction for petty theft

2 entered against him in the Butte County Superior Court on February 13, 2007.  (Doc. No. 24-1, at

3 2.)  On September 5, 2007, petitioner filed an appeal from his conviction in the California Court

4 of Appeal for the Third Appellate District.  (Resp't's Lod. Doc. 1.)  The state appellate court

5 affirmed petitioner's judgment of conviction on April 8, 2008.  (Doc. No. 24-1 at 2.)

6    On April 15, 2008, petitioner filed a petition for review in the California Supreme

7 Court.  (Resp't's Lod. Doc. 3.)  On June 11, 2008, the Supreme Court denied the petition for

8 review.  (Resp't's Lod. Doc. 4.)

9    On July 31, 2009, petitioner filed his federal habeas petition in this court.  (Doc.

10 No. 1.)

11    Thereafter, on January 4, 2010, petitioner filed a petition for writ of habeas corpus

12 in the Butte County Superior Court.  (Resp't's Lod. Doc. No. 5.)  That petition was denied on

13 March 22, 2010.  (Resp't's Lod. Doc. 6.)  On September 28, 2010, petitioner filed a petition for

14 writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  (Doc.

15 No. 47-1 at 1.)  That petition was denied on October 7, 2010.  (Id.)  It does not appear that

16 petitioner filed a habeas petition with the California Supreme Court.

17    Because this action was filed after April 26, 1996, the provisions of the

18 Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v.

19 Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003),

20 overruled in part on other grounds by Lockyer v. Andrade, 538 U.S. 63 (2003).  The AEDPA

21 imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C.

22 § 2244 provides as follows:

23    (d) (1)  A 1-year period of limitation shall apply to an application
       for a writ of habeas corpus by a person in custody pursuant to the

24    judgment of a State court.  The limitation period shall run from the
       latest of –

25 /////

26 /////

6

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For most prisoners, the limitation period for the filing of a federal habeas petition begins to run on the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A). As explained above, the California Supreme Court denied review of petitioner's judgment of conviction on June 11, 2008.  The ninety-day period during which petitioner could have filed a petition for writ of certiorari in the United States Supreme Court therefore expired on September 9, 2008.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Accordingly, petitioner's judgment of conviction became final for purposes of § 2244(d)(1)(A) on September 9, 2008. (Id.)  The AEDPA statute of limitations for petitioner's filing of a federal habeas petition began to run on September 10, 2008, and continued to run for 365 days until it expired on September 9, 2009.

Petitioner's timely original federal habeas petition was filed on July 31, 2009, but set forth only his jury instruction claim and did not operate to toll the AEDPA statute of limitations with respect to any other claims.  See Duncan v. Walker, 533 U.S. 167, 180 (2001)

1    (the tolling provision of section 2244(d)(2) applies only to state post-conviction review but not

2    during the pendency of applications for federal review); King v. Ryan, 564 F.3d 1133, 1141 (9th

3    Cir. 2009).  Nor was the AEDPA statute of limitations tolled by petitioner's state habeas

4    petitions filed in the Butte County Superior Court or the California Court of Appeal.  Those

5    petitions were filed on January 4, 2010, and September 28, 2010, respectively, after the statute of

6    limitations for the filing of a federal habeas petition had already expired.  See Ferguson v.

7    Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (state petitions filed after the limitations period has

8    expired do not toll the AEDPA statute of limitations).

9            A petitioner's amendments made after the statute of limitations has run will relate

10   back to the date of his original pleading only if the new claims arose out of the conduct,

11   transaction, or occurrence set forth or attempted to be set forth in the original pleading.  See

12   Mayle, 545 U.S. 644; Fed. R. Civ. P. 15(c) (a petitioner's amendments made after the statute of

13   limitations has run will relate back to the date of his original pleading only if the new claims

14   arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

15   original pleading); see also Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal

16   Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules

17   of civil procedure are not inconsistent with any statutory provision or with the rules governing

18   habeas cases).  One of the central policies of the relation back doctrine under Rule 15(c) is to

19   "ensur[e] that the non-moving party has sufficient notice of the facts and claims giving rise to the

20   proposed amendment."  Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).

21           In Mayle, the Supreme Court explained that "[t]he 'original pleading' to which

22   Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding."

23   545 U.S. at 655.  The Court observed that the complaint in an ordinary civil case need only

24   provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a

25   habeas petition is required to specify all grounds for relief available to the petitioner and state the

26   facts supporting each ground.  Id.  Because of this difference between civil complaints and

1   habeas petitions, the relation back of new habeas claims "depends on the existence of a common

2   'core of operative facts' uniting the original and newly asserted claims."  Id. at 659.

3          After a review of petitioner's pleadings, this court concludes that petitioner's

4   proposed new claims of ineffective assistance of trial and appellate counsel, racial discrimination

5   in the "jury selection process," "unreasonable search and seizure," and "prosecutorial and police

6   misconduct" do not arise out of the conduct, transaction, or occurrence set forth in the jury

7   instruction claim contained in his original petition, nor do they share a common core of operative

8   facts with that sole, timely submitted claim.  Mayle,  545 U.S. at 656; King, 564 F.3d at 1141

9   ("[A] new claim does not 'relate back' to the filing of an exhausted petition simply because it

10  arises from 'the same trial, conviction, or sentence'"); Hebner v. McGrath, 543 F.3d 1133, 1138

11  (9th Cir. 2008) (admission of evidence during a trial and the instructions given to the jury after

12  the close of evidence are two discrete occurrences that do not share a common core of operative

13  fact).  Rather, petitioner's proposed new claims are based on independent facts, different in both

14  time and type from petitioner's jury instruction claim.  Indeed, petitioner has not even attempted

15  to explain how or whether his proposed new claims share a common core of facts with his

16  original claim of jury instruction error.  Accordingly, petitioner's new claims for habeas relief do

17  not relate back to his timely filed federal habeas petition and are barred by 28 U.S.C. §

18  2244(d)(1)(A).

19         Although he does not provide specific factual allegations in support thereof,

20  petitioner also appears to argue that the statute of limitations should not start to run with respect

21  to his proposed new claims until "mid 2010," when he obtained new counsel and allegedly

22  discovered the existence of those claims.  28 U.S.C. § 2244(d)(1)(D) provides that the limitations

23  period may begin to run on "the date on which the factual predicate of the claims or claims

24  presented could have been discovered through the exercise of due diligence."  See Redd v.

25  McGrath, 343 F.3d 1077, 1083 (9th Cir. 2003) (the date of the "factual predicate" for purposes of

26  § 2244(d)(1)(D) is dependent on when the petitioner "could have learned of the factual basis for

9

1  his claim through the exercise of due diligence.").  Under § 2244(d)(1)(D) the statute of

2  limitations for the filing of a federal habeas petition runs from the date a petitioner is put on

3  notice of the facts which would support a claim for habeas relief, not from the date on which he

4  has in his possession evidence to support such a claim.  See, e.g., Flanagan v. Johnson, 154 F.3d

5  196, 198 (5th Cir. 1998) ("[Petitioner] is confusing his knowledge of the factual predicate of his

6  claim with the time permitted for gathering evidence in support of that claim."); see also Brown v

7  Cate, Civil No. 10cv2302 LAB (NLS), 2011 WL 4479048, at *4 (S.D. Cal. July 28, 2011)

8  ("These facts constitute additional evidence as opposed to new evidence that could trigger the

9  later start date of the statute of limitations."); Stringer v. Marshall, No. Civ. S-09-2980 GEB EFB

10  P, 2011 WL 666897, at *4 (E.D. Cal. Feb. 11, 2011) (finding that petitioner "knew the important

11  facts undergirding his general claim" and discovery of additional evidence does neither changes

12  the contour of the claim nor constitutes "a new factual predicate justifying a later start date under

13  § 2244(d)(1)(D).")

14          All of petitioner's proposed new federal habeas claims arose during his arrest,

15  trial, or direct appeal proceedings.  Thus, the factual predicate of these claims would have been

16  known to petitioner at that time, well before the statute of limitations for the seeking of federal

17  habeas relief began to run.  Indeed, petitioner admits in his motion to amend that he was aware of

18  his potential claim based upon alleged discrimination in the jury selection process during his

19  state court trial proceedings and that he suggested that and other possible appellate issues to his

20  counsel in connection with his direct appeal.  (Doc. No. 45 at 3.)  From the record before this

21  court, it appears that petitioner would have discovered, by exercising due diligence, the factual

22  predicate of all of his proposed new federal habeas claims in sufficient time to submit them to

23  this court in a timely manner.  In the absence of any specific argument by petitioner as to when

24  he could have or did in fact discover the factual basis for his proposed new habeas claims, or

25  whether he conducted any investigation into learning of the basis for his proposed new claims,

26  this court cannot find that petitioner could not have learned of these claims within the limitations

period had he exercised reasonable care.  See Hasan v. Galaza, 254 F.3d 1150, 1155 (9th Cir.

2001) (noting that the statute of limitations begins when a petitioner has "discovered (or with . . .

due diligence could have discovered)" the factual predicate of a claim, and not when the prisoner

recognizes their legal significance).  Moreover, petitioner has cited no case authority in support

of his argument that the statute of limitations for the seeking of federal habeas relief begins to run

under § 2244(d)(1)(D) when a petitioner's counsel decides that facts already known to the

petitioner constitute valid habeas claims that should be pursued.

Nor may petitioner's late-filed petition be excused under any actual innocence

claim exception to the statute of limitations.  In Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011), the

Ninth Circuit Court of Appeals concluded that a credible showing of "actual innocence" under

Schlup v. Delo, 513 U.S. 298 (1995), excuses the AEDPA statute of limitations period.

Specifically, the court held that "a credible claim of actual innocence constitutes an equitable

exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass

through the Schlup gateway and have his otherwise time-barred claims heard on the merits."  Id.

at 932.  In order to fall within this exception to the statute of limitations, however, "a petitioner

must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of

cases . . . implicating a fundamental miscarriage of justice.'"  Id. at 937 (quoting Schlup, 513

U.S. at 314–15).  In addition, "[t]he evidence of innocence must be 'so strong that a court cannot

have confidence in the outcome of the trial unless the court is also satisfied that the trial was free

of nonharmless constitutional error.'"  Id. at 937-38 (quoting Schlup, 513 U.S. at 316).  "To pass

through the Schlup gateway, a 'petitioner must show that it is more likely than not that no

reasonable juror would have convicted him in the light of the new evidence.'"  Id. at 938

(quoting Schlup, 513 U.S. at 327).

In this case, notwithstanding petitioner's cursory and unsupported assertion that

the facts underlying his proposed new claims, "when proven" would establish his actual

innocence, petitioner has failed to show, or even to attempt to show, that in light of all the

1   evidence it is more likely than not that no reasonable juror would have found him guilty beyond a

2   reasonable doubt.  Nor has petitioner demonstrated that a court could not have confidence in the

3   outcome of his trial.  See id.; Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002).

4          For all of these reasons, petitioner is also not entitled to the equitable tolling of the

5   AEDPA statute of limitations.  His proposed new claims are therefore time barred.  Accordingly,

6   petitioner's motion to amend his habeas petition to add these new claims would be futile and

7   prejudicial to the respondent at this late date, and should therefore be denied.[4]

8       **C. Exhaustion**

9          Respondent also argues that the proposed new claims petitioner seeks to raise

10  have not been exhausted in state court.  (Doc. No. 47 at 9.)

11         The exhaustion of state court remedies is a prerequisite to the granting of a

12  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1); Harbison v. Bell, 556 U.S. 180, ___,

13  129 S. Ct. 1481, 1489 (2009) ("Petitioners must exhaust their claims in state court before seeking

14  federal habeas relief.").  A state prisoner satisfies the exhaustion requirement by fairly presenting

15  his claim to the appropriate state courts at all appellate stages afforded under state law.  Baldwin

16  v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state

17  prisoners must give the state courts one full opportunity to resolve any constitutional issues by

18  invoking one complete round of the State's established appellate review process"); Picard v.

19  Connor, 404 U.S. 270, 276 (1971); Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004);

20  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986) .

21         Petitioner admittedly has not presented any of his proposed new claims to the

22  California Supreme Court and they are therefore unexhausted.  Accordingly, petitioner's motion

23  to amend to add these new claims to his pending federal habeas petition would be futile.

24

25         [4] Petitioner does not claim entitlement to equitable tolling of the statute of limitations on any
    other grounds and there is no basis for such a finding in the record before this court.

26

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's motion to amend (Doc. No. 45) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 6, 2011.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
wyatt2122.mta

13